# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERRY D. LOOMIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-11-449-SPS** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

The claimant Jerry D. Loomis requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied.  If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born February 1, 1961, and was forty-nine years old at the time of the administrative hearing.  (Tr. 37, 164).  He completed the tenth grade (with special education classes for reading and mathematics), and has worked as a millwright helper, landscape laborer, painter, and woodcutter.  (Tr. 20, 189).  The claimant alleges that he has been unable to work since May 1, 2009, due to back problems, high blood pressure, chronic obstructive pulmonary disorder (COPD), cholesterol, hemorrhoids that cannot be removed without requiring him to use a colostomy bag, and no education.  (Tr. 183).

## Procedural History

On May 13, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85.   His applications were denied.  ALJ John W. Belcher conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 9, 2010.  (Tr. 10-16).   The Appeals Council then denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He found that

the claimant had the residual functional capacity (RFC) to lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk/sit six hours in an eight-hour workday.  The ALJ imposed the additional limitations of no exposure to respiratory irritants such as dust, fumes, and smoke; as well as performing simple, unskilled tasks, but not detailed or complex tasks, which do not require interaction with the general public.  (Tr. 13).  The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, peeled potato inspector, poultry dresser, assembler.  (Tr. 21).

### Review

The claimant contends that the ALJ erred:  (i) by improperly evaluating the opinion of the state agency reviewing physician, and (ii) by failing to adequately develop the record, specifically as to a possible heart condition.  The Court finds the claimant's first contention persuasive for the following reasons.

The ALJ found that the claimant had the severe impairments of degenerative disc disease of the lumbar spine, diabetes mellitus, COPD, hemorrhoids, bereavement, and a history of a learning disorder.  (Tr. 11).  The relevant medical evidence was fairly sparse and largely related to medication management. (Tr. 237-248, 299).  A consultative examiner, licensed psychologist Theresa Horton, Ph.D., diagnosed the claimant with bereavement; history of learning disorder, NOS; COPD; hemorrhoids; high blood pressure; diabetes; chronic back pain; finances; access to healthcare; and literacy/education.  (Tr. 252).  Dr. Horton found that the claimant appeared capable of

understanding, remembering, and managing simple instructions and tasks with supervision, but not more complex; that he appeared capable of social and emotional adjustment into occupational and social settings; and that his past work of physical manual labor had been consistent with his cognitive abilities. (Tr. 252-253). She noted that his physical health concerns would need to be further addressed by physician's reports. (Tr. 253). Dr. Muhammed Quadeer examined the claimant and assessed him with diabetes mellitus on hypoglycemic tablets, hypertension under control with medications, COPD, hemorrhoids (removed and/or recurring), and memory loss for recent events (probably associated with his age). (Tr. 256). A state reviewing physician found that the claimant was markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 273). His functional capacity assessment was that the claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 274).

The claimant testified at the administrative hearing as to his physical and mental impairments, including his medications. (Tr. 39-41). He testified that he has problems with his hemorrhoids every day. (Tr. 42). He further stated that he leaves his house two or three times a week for several hours at a time, that he drives, that he will wait in the care for his wife while she does the grocery shopping, that his wife has to remind him to take his medications and help him keep track of them, and that he had been hunting twice and fishing once in the past year. (Tr. 41-45). In response to questioning, the claimant

stated that he tried not to carry over twenty to thirty pounds, that he could walk up to four hundred yards, stand "a couple hours maybe," and sit for about an hour.  (Tr. 46).  The claimant's wife also testified at the hearing, stating that she had to remind him of the proper times to take his medications, that they stayed at home most of the time, and that he had been struggling with memory loss in recent years.  (Tr. 48-50).

The ALJ summarized the claimant's testimony and the medical evidence.  As relevant, the ALJ discussed Dr. Horton's and Dr. Quadeer's findings, as well as the recommendations of the state reviewing physicians.  He then concluded that the claimant was capable of performing light work and was therefore not disabled.  (Tr. 16-20).

The claimant argues that the ALJ erred in formulating his RFC because the ALJ purported to adopt the state reviewing physician's limitations, but did not include the state reviewing physician's recommended limitation that the claimant could only relate to his supervisors and peers on a superficial basis.  "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v.  United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995).  The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to

which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).  Here, the ALJ failed to properly analyze the state reviewing physician's opinion when he adopted some, but not all, of the recommended limitations.  *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others.  An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment.  So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others.  We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.").  In his brief, the Commissioner acknowledges that the ALJ erred by failing to discuss the omitted limitation, but argues that the error is harmless because the job descriptions in the Dictionary of Occupational Titles indicates that interactions with supervisors is "not significant."   *See* DICOT §§ 521.687-094, 525.687-070, 929.587-010.  But the claimant correctly notes that this description does not address the claimant's interaction with co-workers and thus the Commissioner's post-hoc rationalization will not be adopted.  *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th

Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted].

Accordingly, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. If such analysis results in adjustment to the claimant's RFC, the ALJ should re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

### Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of March, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma